UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LUIS RINCON, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | Civil Action No. 3:17-CV-02909-X |
| v. | § | |
| | § | |
| HOME DEPOT U.S.A., INC., | § | |
| | § | |
| *Defendant*. | § | |

# **MEMORANDUM OPINION AND ORDER**

Luis Rincon filed this premises liability action in Texas state court on September 15, 2017. He seeks up to $1,000,000 in damages. On October 20, 2017, Home Depot removed the case to federal court [Doc. No. 1].

Home Depot filed its motion for summary judgment [Doc. No. 35] on September 13, 2019. Rincon's response was due October 4, 2019. Home Depot also timely filed its pre-trial disclosures on October 25, 2019—another deadline that Rincon missed. On November 1, 2019, the Court issued an order [Doc. No. 40] notifying the parties that the Court was considering the question of whether the condition that purportedly caused the injury was "open and obvious"—a question for the court under Texas law. Under Federal Rule of Civil Procedure 56(f), the Court gave both parties ten days to provide supplemental briefing on the subject.

On November 11, 2019, Home Depot timely filed a supplemental brief [Doc. No. 44] on the question of whether the condition was "open and obvious." Also on November 11—and without requesting leave to do so—Rincon filed an untimely

1

response [Doc. No. 42] to Home Depot's motion for summary judgment. And not only was his response untimely, but Rincon also failed to address the summary judgment topic the court ordered specific briefing on: whether the hazard was "open and obvious."

## I. Background

According to his complaint, Rincon visited Home Depot on October 24, 2015 with his son. They located a store clerk and, together, they headed toward the back of the store to find bathroom fixtures. Rincon claims that, on the way, he tripped on a nylon strap that was laying on the floor. The store clerk and Rincon's son had walked by it, without incident, before Rincon allegedly tripped on it. And, according to Rincon's son's deposition testimony, the store clerk admitted that he had seen the strap on the floor. Rincon's son helped Rincon get up and assisted him in returning to the front of the store.

After the incident, Rincon's son went back and took the following picture of the location where Rincon tripped (and in the direction they had walked):



Rincon and his son testified this photograph is accurate for the time and conditions of the aisle when Rincon fell.

## II. Legal Standard

### A. Summary Judgment Standard

Summary judgment cannot automatically be granted because the nonmovant fails to respond.[1] Summary judgment is only proper when the pleadings and evidence show "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[2] A genuine dispute of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."[3]

When reviewing the evidence on a motion for summary judgment, the court must decide all reasonable doubts and inferences in the light most favorable to the non-movant.[4] As long as there appears to be some support for the disputed allegations, such that "reasonable minds could differ as to the import of the evidence," the motion for summary judgment must be denied.[5]

---

[1] *See Hibernia Nat'l Bank v. Administracion Cent. Sociedad Anonima*, 776 F.2d 1277, 1279 (5th Cir. 1985) ("The movant has the burden of establishing the absence of a genuine issue of material fact and, unless he has done so, the court may not grant the motion regardless of whether any response was filed." (citing *John v. La. (Bd. of Trs. for State Colls. & Univs.)*, 757 F.2d 698, 709 (5th Cir. 1985))).

[2] Fed. R. Civ. P. 56(a).

[3] *Id.*

[4] *See Walker v. Sears, Roebuck & Co.*, 853 F.2d 355, 358 (5th Cir. 1988) ("[W]e must consider fact questions with deference to the nonmovant; when a fact question controls disposition on summary judgment, we must 'review the facts drawing all inferences most favorable to the party opposing the motion.'" (citing *Reid v. State Farm Mut. Auto. Ins. Co.*, 784 F.2d 577, 578 (5th Cir. 1986))).

[5] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250–51 (1986) (citing *Wilkerson v. McCarthy*, 336 U.S. 53, 62 (1949)).

If a plaintiff fails to respond to the defendant's motion for summary judgment, Rule 56(e) governs. It states:

> If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may: (1) give an opportunity to properly support or address the fact; (2) consider the fact undisputed for purposes of the motion; (3) grant summary judgment if the motion and supporting materials — including the facts considered undisputed — show that the movant is entitled to it; or (4) issue any other appropriate order.[6]

The plain language of subdivision (e)(2) authorizes courts to consider a fact as undisputed for purposes of the motion when response requirement is not satisfied.

### B. Texas Premises Liability Law

Given that the Court's authority to hear this case arises under diversity jurisdiction, and the claims at issue deal with Texas premises liability law, a brief summary of that law is necessary.

First, the Court must evaluate whether Rincon was an invitee, as in "one who enters the property of another 'with the owner's knowledge and for the mutual benefit of both.'"[7] Second, if Rincon was an invitee, the Court must determine whether a duty was imposed on the landowner, Home Depot, with respect to the nylon strap shown in the photo above. Generally, landowners owe no duty to invitees if a condition was

---

[6] Fed. R. Civ. P. 56(e); *see, e.g., Beard v. Banks*, 548 U.S. 521, 527 (2006) (noting that because plaintiff failed to challenge the facts identified in the defendant's statement of undisputed facts on summary judgment, the facts were deemed admitted).

[7] *Motel 6 G.P., Inc. v. Lopez*, 929 S.W.2d 1, 3 (Tex. 1996) (quoting *Rosas v. Buddies Food Store*, 518 S.W.2d 534, 536 (Tex. 1975)).

"open and obvious."[8]

Because the open and obvious rule goes to duty, the evaluation of whether a defect is open and obvious is "a question of law for the court" to decide.[9] This question focuses on "what would be reasonably observable to a person exercising ordinary care under an objective standard" and not on the subjective knowledge of the invitee.[10] When the condition is open and obvious, the law generally "presumes that invitees will take reasonable measures to protect themselves against known risks."[11]

### III. Analysis

### A. Rincon's Response

Rincon failed to file: (1) a timely response to Home Depot's motion for summary judgment; (2) Rule 26(a)(1) disclosures; (3) Rule 26(a)(3) disclosures; (4) a request for leave to file its response 38 days late; and (5) the supplemental brief the Court ordered on the question of whether the hazard was open and obvious. Normally, the Court would be inclined to simultaneously strike a late response and nudge the plaintiff to re-file his or her response with a request for leave to file. But, given the Court's ruling below on summary judgment, the opportunity for requesting leave is moot.

The Court has "broad discretion in controlling its own docket."[12] As Rincon

---

[8] *Austin v. Kroger Tex., L.P.*, 465 S.W.3d 193, 203–04 (Tex. 2015) (internal citations omitted).

[9] *See Austin v. Kroger Tex., L.P.*, 746 F.3d 191, 198 (5th Cir. 2013) (quoting *Del Lago Partners, Inc. v. Smith*, 307 S.W.3d 762, 767 (Tex. 2010)).

[10] *Culotta v. DoubleTree Hotels LLC*, No. 01-18-00267-CV, 2019 WL 2588103, at *3 (Tex. App.—Houston [1st Dist.] June 25, 2019) (citing *Jordan v. Tex. Children's Hosp.*, No. 14-17-006990CV, 2018 WL 4137209, at *5 (Tex. App.—Houston [14th Dist.] Aug. 30, 2018)).

[11] *Wallace v. ArcelorMittal Vinton, Inc.*, 536 S.W.3d 19, 23 (Tex. App.—El Paso 2016) (quoting *Austin*, 465 S.W.3d at 203).

[12] *Edwards v. Cass Cty., Tex.*, 919 F.2d 273, 275 (5th Cir. 1990).

filed his response to Home Depot's motion for summary judgment 38 days late and did not request leave to file the response in spite of his delay, the Court **STRIKES** Rincon's response [Doc. No. 42] and its accompanying appendix [Doc. No. 43]. As a result of this decision, Home Depot's motion to strike [Doc. No. 45] is **DISMISSED** as **MOOT**.

## B. Summary Judgment

Given that there is no response to Home Depot's motion for summary judgment properly before the court, the facts of this case are unrebutted. Therefore, the Court, under Rule 56(e)(2), elects to treat all facts in Home Depot's motion for summary judgment as undisputed.

As a matter of law, Rincon was an invitee. The next question is whether Home Depot had a duty to Rincon with respect to the nylon strap on the floor that is depicted in the above picture, or instead whether Home Depot owed no duty because the strap was open and obvious.[13] The Court holds that the condition was open and obvious, such that Home Depot did not have a duty to Rincon with respect to the nylon strap.

Home Depot raises several pieces of evidence showing that the nylon strap is open and obvious. First, Home Depot points to the picture Rincon's son took of the nylon strap, which shows that the box the strap was originally on and the strap itself are not concealed but are visible from the path Rincon took. This is especially true given that the white nylon strap contrasted with the floor it was resting on. Home

---

[13] It is important to note that while whether a particular hazard is open and obvious is a question of law, there is implied in that an underlying fact question: what is the hazard? It is undisputed here that the hazard was the nylon strap.

6

Depot adds that Rincon and his son both testified that the box and strap in the picture were in the same position and condition as they were at the time of the incident. Second, Home Depot points to testimony from Rincon's son that the boxes and the strap were large and visible. Third, Rincon himself testified that the strap in the picture was visible, but that he simply was not paying attention as he walked down the aisle. Fourth and finally, Rincon's son testified that the store clerk told him that he too saw the strap.

While the openness and obviousness of a condition is an objective question, the evidence regarding all three individuals about the strap and the accurate photograph of it confirms that the strap was not concealed but instead was open and obvious. This explains why the only individual who tripped on it was the only individual not paying attention. The Court treats Rincon's failure to brief the issue to the Court as these facts being undisputed.[14] These facts regarding the nylon strap make it akin to the edge of a fountain or a patch of ice—both open and obvious conditions that courts have held no duty for in the past.[15] And the law provides that "the plaintiff may not close his eyes to obvious conditions."[16]

---

[14] Texas courts have recognized two exceptions to the rule that there is no duty for open and obvious conditions: (1) when a "dangerous condition results from the foreseeable criminal activity of third parties," and (2) "when, despite an awareness of the risks, it is necessary that the invitee use the dangerous premises and the landowner should have anticipated that the invitee is unable to take measures to avoid the risk." *Austin*, 465 S.W.3d at 204, 208. Neither the first nor the second argument apply here. While the store clerk might have led the way down the aisle with the condition, the strap was avoidable. It did not stretch across the entire aisle, and the store clerk and Rincon's son were both able to avoid it.

[15] *See, e.g., Culotta*, 2019 WL 2588103, at *4 (holding that a fountain was an open and obvious hazard); *Nethery v. Turco*, No. 05-16-00680-CV, 2017 WL 2774448, at *3 (Tex. App.—Dallas June 27, 2017) (concluding that that the summary judgment evidence established as a matter of law that the patch of ice on driveway was "open and obvious or otherwise known to" invitee).

[16] *Scott v. Liebman*, 404 S.W.2d 288, 293 (Tex. 1966). Sure, the Supreme Court of Texas

Therefore, Home Depot is entitled to summary judgment because the condition (the nylon strap) was open and obvious. This means that Home Depot owed Rincon, an invitee, no duties with respect to the nylon strap, and there is nothing actionable.[17]

## IV. Conclusion

For the reasons stated, the Court **DISMISSES** the case **WITH PREJUDICE**. All parties shall bear their own costs and attorney's fees.

**IT IS SO ORDERED** this 15th day of November 2019.

_____
BRANTLEY STARR
UNITED STATES DISTRICT JUDGE

---

abrogated *Scott* in 1978 in *Parker v. Highland Park, Inc.*, 565 S.W.2d 512, 517 (Tex. 1978) ("We now expressly abolish the so-called no-duty concept in this case."). But in 2015, the Supreme Court of Texas clarified that *Parker* did not gut *Scott*'s rule of no duty for open and obvious conditions but merely added an exception to the rule that is inapplicable here. *Austin*, 465 S.W.3d at 204 ("We thus reaffirm the general rule, but retain *Parker* as an example of an exception that recognizes a landowner's duty to make its premises safe when, despite an awareness of the risks, it is necessary that the invitee use the dangerous premises and the landowner should have anticipated that the invitee is unable to take measures to avoid the risk."). For the reasons expressed in footnote 14, this exception is inapplicable.

[17] *See Austin*, 465 S.W.3d at 204 ("A landowner generally has no duty to warn of hazards that are open and obvious or known to the invitee.").